IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CHARLES J. WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-0148-CV-W-FJG |
| ) | |
| LANOGA CORPORATION ) | |
| d/b/a UNITED BUILDING CENTERS, et al., ) | |
| ) | |
| Defendants. ) | |

# ORDER

Pending before the Court is Plaintiff's motion to remand (Doc. No. 6). On January 26, 2006, plaintiff filed a petition in state court against Lanoga Corporation, Brian Phillippe, and Timothy Herman, alleging claims of race discrimination and retaliation under the Missouri Human Rights Act ("MHRA"). Plaintiff is a citizen of the state of Missouri; defendant Lanoga Corporation d/b/a United Building Centers is a citizen of Minnesota; defendant Phillippe is a resident of the state of Kansas; and defendant Herman is a resident of the state of Wisconsin.[1] Defendants removed this case on February 21, 2006, on the basis of diversity jurisdiction, asserting that the amount in controversy in this action exceeds $75,000 in that plaintiff is seeking past and future lost income (which, calculated from his date of termination on March 2, 2005, would exceed $37,000 per year), damages for "loss of self esteem, loss of enjoyment of life, humiliation, emotional pain, suffering and

---

[1] In the notice of removal, defendants state that plaintiff's petition incorrectly asserts that defendant Herman's current address is in Blue Springs, Missouri.

mental anguish," as well as punitive damages under the Missouri Human Rights Act.

Plaintiff moved to remand this case on March 1, 2006. Plaintiff notes that on February 21, 2006, at 4:54 p.m., plaintiff filed his First Amended Petition for Damages in the Circuit Court of Jackson County Missouri. Plaintiff asserts that at the time of the filing, no responsive pleading had been filed or served, so plaintiff could amend as a matter of course pursuant to Rule 55.33(a) of the Missouri Rules of Civil Procedure. In this First Amended Petition, plaintiff added Missouri resident Brent L. Warner as a defendant. Plaintiff notes that the notice of removal was filed on February 21, 2006, at 7:09 p.m. (approximately two hours after the filing of the first amended petition), and was based on the original petition. Plaintiff, therefore, states that the case should be remanded because (1) complete diversity is lacking in that Warner is a resident of Missouri; and (2) defendant has offered "nothing more than conjecture and conclusions . . . as to what the amount in controversy might be."

Defendants respond that (1) none of the defendants were aware of the first amended petition when the notice of removal was filed in this Court on February 21, 2006, noting that the first amended petition was not served on defendants prior to the filing of the notice of removal; (2) plaintiff cannot maintain a claim against Missouri resident Warner under the Missouri Human Rights Act because (a) plaintiff never named Warner in his underlying charges with the Missouri Commission on Human Rights, and (b) the Eighth Circuit has held that the term "employer" as used under the Missouri Human Rights Act does not include individuals such as Warner; and (3) defendants adequately demonstrated that the amount in controversy exceeded $75,000 in their notice of removal. Defendants also note that plaintiff did not challenge the residency of original defendant Herman, and

2

instead relies on the Missouri citizenship of Warner in challenging the lack of complete diversity. Defendants further request that the first amended petition (which was filed in the state court, but has never been filed with this Court except as an exhibit to plaintiff's motion to remand) be stricken or ignored as irrelevant to these proceedings.[2]

In his reply brief, plaintiff indicates that he "does not concede, as suggested by defendants, that defendant Timothy Herman is not a Missouri resident/citizen, but would hold defendants to strict proof of their allegations. Plaintiff now has reason to believe that Herman, who at least until recently was a Missouri resident/citizen, may have been moved out of Missouri by his employer, defendant Lanoga Corporation, to work at another of Lanoga's stores located in another state."[3] Plaintiff further argues that failure to name Warner in his charge with the Missouri Commission on Human Rights does not amount to a failure to exhaust his administrative remedies. Finally, plaintiff argues that "Defendants ignore the fact that plaintiff's claims against all defendants are in no way restricted to MHRA claims," in that plaintiff's Petition and Amended Petition both plead, "This is an action for damages to redress the deprivation of certain rights secured to the Plaintiff by Missouri law including, <u>but not limited to</u>, the Missouri Human Rights Act ("MHRA"), Chapter 213, RSMo." (Emphasis added). Plaintiff argues that he has pled facts supporting a cause of

---

[2]Plaintiff's first amended petition is almost exactly the same as plaintiff's original petition, with the addition of one count against Mr. Warner. To date, the first amended petition has not been filed with this Court, and Mr. Warner is not listed as a defendant on ECF.

[3]The Court notes that even if defendant Herman was a Missouri resident (which the Court will not assume, given that plaintiff states he has reason to believe that defendant Herman no longer resides in the state of Missouri), plaintiff's claims against defendant Herman fail for the same reason as those against Mr. Warner. If Herman was a Missouri resident, this Court would have found him to be fraudulently joined.

3

action for the tort of wrongful discharge under Missouri law (even though plaintiff did not specifically denominate any of the counts of his complaint as one for wrongful discharge).

After reviewing the parties' briefs and the relevant law, the Court finds that plaintiff's motion to remand should be denied. At the outset, the Court finds that defendants adequately demonstrated in their notice of removal that the amount in controversy exceeds $75,000. In a case such as this, where plaintiff does not specifically plead an amount in controversy, the removing party "must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." In re Minnesota Mut. Life Ins. Co. Sales Practices Litig., 346 F.3d 830, 834 (8th Cir. 2003). If the removing party satisfies this burden, the plaintiff can still defeat removal by showing to a legal certainty that recovery cannot exceed $75,000. See Neighbors v. Muha, 2005 WL 2346968, *2 (W.D. Mo. Sept. 26, 2005) (J. Fenner) (citing 14C Wright & Miller, Federal Practice and Procedure; Jurisdiction § 3725 at 94-95 (3d ed. 1998).

To meet its burden of proof, defendant must present specific facts or evidence. See Hill v. Ford Motor Co., 324 F.Supp.2d 1028, 1036 (E.D. Mo. 2004). Here, in their notice of removal, defendants demonstrated that plaintiff's back pay claim alone amounts to approximately half the jurisdictional amount as of the date of removal. When this amount is combined with the remaining damages claimed by plaintiff (including front pay, damages for "loss of self esteem, loss of enjoyment of life, humiliation, emotional pain, suffering and mental anguish," as well as punitive damages under the Missouri Human Rights Act), defendants have demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000. In his motion to remand, plaintiff does not attempt to show to a legal certainty that his claims do not exceed $75,000. Accordingly, plaintiff's motion

4

to remand for failure to adequately demonstrate the amount of controversy has been met is denied.

Next, the Court considers whether Missouri resident Warner is fraudulently joined in the first amended petition. "Where applicable state precedent precludes the existence of a cause of action against a defendants, joinder is fraudulent." Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003).

> [H]ere, the district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved. In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor. See, e.g., Fields v. Pool Offshore, Inc., 182 F.3d 353, 357 (5th Cir. 1999). However, in its review of a fraudulent-joinder claim, the court has no responsibility to *definitively* settle the ambiguous question of state law.
>
> Instead, the court must simply determine whether there is a reasonable basis for predicting that the state's law might impose liability against the defendant. This determination is the essential function required of the district court in a fraudulent-joinder setting. . . . [I]n situations where the sufficiency of the complaint against the non-diverse defendant is questionable, "the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide."

Id. (citations omitted). Further, "[j]oinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against resident defendants." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 871 (8th Cir. 2002) (citing Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983)). "'Joinder is fraudulent only where there is no reasonable basis in fact or colorable ground supporting the claim against the resident defendant, or where the plaintiff has no real intention of prosecuting the action against the

5

resident defendant.'" Richka Enters., Inc. v. Am. Family Mutual Ins. Co., 200 F. Supp. 2d 1049, 1051 (E.D. Mo. 2001) (quoting Reeb v. Wal-Mart Stores, Inc., 902 F. Supp. 185, 188 (E.D. Mo. 1995)). Further, "a plaintiff may not defeat a defendant's right of removal based upon diversity of citizenship jurisdiction by fraudulently joining a non-diverse defendant." BP Chems. Ltd. v. Jiangsu Sopo Corp., 285 F.3d 677, (8th Cir. 2002) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97-99 (1921)).

In the present case, there is no "applicable state precedent" as to whether the term "employer" as used in the MHRA applies to individuals such as Warner; no Missouri reported opinions have considered this issue. However, the Eighth Circuit has previously predicted that Missouri state courts would interpret MHRA's definition of employer in a manner consistent with federal employment discrimination statutes. See Lenhardt v. Basic Institute of Technology, Inc., 55 F.3d 377 (8th Cir. 1995). Therefore, the Eighth Circuit concluded that the definition of "employer" in the MHRA does not subject employees, including supervisors or managers, to individual liability. Id.

In the intervening years, this Court has issued opinions agreeing with the position taken by the Eighth Circuit in Lenhardt and dismissing claims against individual defendants under rule 12(b)(6). See, e.g., Berry v. Combined Insurance Co. of America, Inc., Case No. 04-0586 (W.D. Mo. Nov. 29, 2004; Baines v. Missouri Gaming Company, Case No. 05-6031 (W.D. Mo. Feb. 28, 2006). The Court acknowledges that this is a question on which other courts have disagreed; however, as this Court noted in Berry v. Combined Insurance Co. Of America, Inc., Case No. 04-0586 (W.D. Mo. Nov. 29, 2004):

> The Court agrees with defendants that the better course of action is to follow the Eighth Circuit's guidance on this issue. The Court agrees with Judge Whipple's recent opinion finding that "until such time as the Missouri courts clarify their position, Lenhardt appears to be the most thorough interpretation and the best

6

guidance available on this exact issue." See Stoner v. Shoe Carnival, Case No. 04-0367 (Order dated June 25, 2004).

Id. at pp. 4-5. Additionally, as the court noted in Weger v. City of Ladue, No.4:04CV683 SNL, 2004 WL 3651669 (E.D. Mo. Dec. 30, 2004):

> At the end of the day whether this Court necessarily agrees or disagrees with the holding in Lenhardt is immaterial. This Court under *stare decisis* must and will follow what is good law, even if under other circumstances this Court could have reached another outcome. . . .
>
> Lenhardt could not be more on point to the facts and issue central to this case, it has not been overturned, and despite this Court's reluctance, it is controlling in this case. Therefore, under the holding in Lenhardt, the definition of "employer" in MHRA does not subject individual employees . . . to individual liability, and the Motion with respect to these counts should be granted.

Id. at * 5 (internal citations omitted).[4]

Further, plaintiff argues that defendant Warner could be held liable for wrongful discharge, by stating that he was wrongfully terminated in retaliation for opposing his employer's discriminatory practices. However, Missouri courts do not recognize a claim for wrongful discharge in violation of Missouri's public policy against discrimination; instead, state and federal anti-discrimination statutes preempt this subject matter and provide the exclusive remedy for someone in plaintiff's situation. See 37 Mo. Prac., Employment Law

---

[4]The Court also notes that the claims against Warner may be barred because plaintiff failed to mention Warner in his underlying charge of discrimination. See Nichols v. ABB DE, Inc., 324 F.Supp.2d 1036, 1046 (E.D.Mo. 2004). However, as a plaintiff "may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge," see Dorsey v. Pinnacle Automation Co., 278 F.3d 830, 838 (8th Cir. 2002), this Court would need to consider (and be briefed on) whether the allegations against Warner were reasonably related to the substance of the allegations in the administrative charge. This issue was not fully briefed by the parties in the pending motion to remand; therefore, the Court declines to reach this issue.

7

& Practice, § 11.10 (2005 ed.) (citing Osborn v. Professional Serv. Indus., Inc., 872 F.Supp. 679 (W.D. Mo. 1994); Nichols v. American National Ins. Co., 945 F.Supp. 1242, 1246 (E.D. Mo. 1996); Wyrick v. TWA Credit Union, 804 F.Supp. 1176 (W.D.Mo. 1992); Kramer v. St. Louis Regional Health Care Corp., 758 F.Supp. 1317 (E.D. Mo. 1991); Gannon v. Sherwood Medical Co., 749 F.Supp. 979 (E.D. Mo. 1990))). Therefore, plaintiff is unable to state a cognizable claim against Warner for wrongful discharge under Missouri law.[5]

Therefore, the Court concludes that there is no reasonable basis to conclude that state law would impose liability on Mr. Warner. The motion to remand (Doc. No. 6) is therefore **DENIED**. Furthermore, as the first amended petition has never been properly filed in this Court and alleges nothing substantively different from the original petition (other than the claims against Mr. Warner, which constitute fraudulent joinder), Defendants' request (contained in Doc. No. 7) to strike or disregard the purported first amended petition (attached as an Exhibit to Doc. No. 6) is **GRANTED**.

**IT IS SO ORDERED.**


Date: June 9, 2006            .  /s/ FERNANDO J. GAITAN, JR.
Kansas City, Missouri.           Fernando J. Gaitan, Jr.
                                 United States District Judge

---

[5]The Court notes that defendants have not moved to dismiss the claims against Brian Phillippe and Timothy Herman. Accordingly, even though plaintiff's claims against defendants Phillippe and Herman likely fail for the same reasons as discussed with respect to Warner, the Court will not dismiss those defendants at this time.